**FILED & ENTERED**

**OCT 25 2021**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re:

KAREN JUNE BREDICE,

    Debtor.

Case No.: 1:18-bk-10752-MB

Chapter 7

**ORDER ON DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE re CONTEMPT [CASE DKT. 32]**

On March 23, 2018, the debtor Karen June Bredice (the "Debtor") filed a voluntary petition for relief under chapter 7 (the "Petition Date"). On July 2, 2018, the Debtor received her chapter 7 discharge and the case was closed on August 8, 2018. On May 12, 2021, the Court reopened the bankruptcy case to allow the Debtor to file a motion alleging a violation of the automatic stay by various creditors. Case Dkt. 30.

On September 21, 2021, the Debtor filed her *Motion for an Order to Show Cause Why Escrow Cash Advance, LLC, James K. Cooper, and Eric R. Ginder Should Not Be Held in Contempt of Court for Knowingly Violating the Discharge Injunction* (the "Contempt Motion") and supporting documents. Case Dkt. 32, 33, 34, 35, 36, 37, 38, 39, 40. Debtor alleges that three parties violated the automatic stay in her bankruptcy case based on the postpetition recordation of a quit claim deed on June 1, 2018, and then violated the discharge injunction by filing a state court action (the "State Court Action") against the Debtor on October 10, 2018. The Debtor seeks contempt findings, among other relief, against Escrow Cash Advance, LLC, James K. Cooper and Eric R. Ginder, Esq. The Motion also alleges that Ginder is the attorney of record in the State Court Action for Escrow Cash Advance, LLC and James K. Cooper.

Debtor served the Contempt Motion on Ginder both in his individual capacity and as counsel to Escrow Cash Advance, LLC and Cooper. Case Dkt. 40. Debtor did not serve the Contempt Motion directly on either Escrow Cash Advance LLC or Cooper. Local Bankruptcy Rule 9020-1(b) requires contempt motions to be served on the responding parties and further provides that such parties "shall have 7 days to object to the issuance of" an order to show cause re: contempt. LBR 9020-1(b). Based upon the Court's review of the bankruptcy docket, Ginder did not appear in this case as counsel to either Escrow Cash Advance LLC or Cooper. In bankruptcy, where an attorney has not appeared in the bankruptcy case for a creditor, service on the attorney alone is not effective service on the creditor. *In re Frates*, 507 B.R. 298, 305 (B.A.P. 9th Cir. 2014) ("Here, the record shows that no attorney from the Reese Law Group ever appeared in Debtors' bankruptcy case purporting to represent Wells Fargo and there is no other evidence to show that Reese was authorized to accept service of process"); *In re Villar*, 317 B.R. 88, 93 (B.A.P. 9th Cir. 2004) ("Debtor no doubt served Paris with the Motion because Paris represented

**ORDER re DEBTOR'S CONTEMPT MOTION**

Beneficial in the state court action which gave rise to the judicial lien. That is not enough by itself to establish implicit authority for Paris to accept service of process in matters involving Debtor's bankruptcy. An implied agency to receive service is not established by representing a client in an earlier action").

Additionally, while the Contempt Motion references LBR 9020-1, it does not expressly give the responding parties notice that any response to the Contempt Motion must be filed within seven days of service of the motion. LBR 9020-1(b). Therefore, Ginder was not served with effective notice of the seven-day deadline to respond to the Motion.

Based on the foregoing, and with good cause appearing, IT IS HEREBY ORDERED THAT:

1. The Debtor is required to serve the Motion and supporting documents on Escrow Cash Advance, LLC and on Cooper at the addresses listed for those parties on the creditor matrix in this case and, if different, at the last known address for those parties.

2. The Debtor is required to file and serve written notice of the Motion that expressly states the responding parties have seven days from the date of service of the notice to object to the issuance of an order to show cause pursuant to Local Bankruptcy Rule 9020-1(b).

3. The Debtor is required to file a declaration of service demonstrating that the Motion and supporting documents, and written notice, were served on all three responding parties.

### ###

Date: October 25, 2021

*Martin R. Barash*
Martin R Barash
United States Bankruptcy Judge

**ORDER re DEBTOR'S CONTEMPT MOTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER re DEBTOR'S CONTEMPT MOTION**